UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER WHYMS,
        Plaintiff,        Civil Action No.: 14-13384
                                 Honorable Bernard A. Friedman
v.                                 Magistrate Judge Elizabeth A. Stafford

HSBC BANK USA, NATIONAL
ASSOCIATION FOR THE
BENEFIT OF ACE SECURITIES
CORP.

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR INJUNCTIVE RELIEF [3] AND DEFENDANT'S
MOTION TO DISMISS [20]**

**I.    INTRODUCTION**

Plaintiff Alexander Whyms, proceeding *pro se*, brings the instant action against Defendant HSBC Bank USA ("HSBC") for damages, alleging wrongful foreclosure, professional malpractice and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Michigan Occupational Code, Mich. Comp. Laws § 339, 901 *et seq*. Before the Court is Whyms's motion for injunctive relief [3] and HSBC's motion to dismiss Whyms's complaint [20]. For the following reasons, the Court recommends that HSBC's motion be granted and Whyms's be denied.

## II. BACKGROUND

In 2006, Whyms granted a mortgage on his real property located in Romulus, Michigan to Mortgage Electronic Registration Systems, Inc. ("MERS"). Whyms defaulted on the mortgage in 2008 and the mortgage was transferred to HSBC in 2010. In December 2011, HSBC filed a complaint in Wayne County Circuit Court for judicial foreclosure of the property. [1, Pg. ID 17]. A final judgment of foreclosure was issued in February 2013, granting HSBC the right to sell the property at a public auction. [20-6, Pg. ID 168-72[1]]. Nonetheless, no foreclosure sale occurred as a result of that judgment. [20, Pg ID 118].

Instead, on August 14, 2014, HSBC initiated a foreclosure by advertisement and posted the Notice of Mortgage Foreclosure Sale on Whyms's door. The notice stated that the sale would take place on September 11, 2014. [1, Pg. ID 23]. Prior to the planned September 11 sale, Whyms filed the instant action for damages on September 2, 2014, and a motion for an injunction on September 9, 2014. [1 & 3]. According to HSBC's motion to dismiss, the foreclosure sale had been rescheduled for January 2015. [20, Pg. ID 119].

---

[1] Since this document is a public record, the Court may consider it without converting the motion to dismiss to a motion for summary judgment. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008)

2

Whyms's complaint and motion for injunction fail to set forth statutory authority or factual support for his claims. Consequently, the Court recommends that Whyms's motion for injunction be denied and HSBC's motion to dismiss be granted.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."

*Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legal conclusions need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Furthermore, the Court is not required to "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency

4

granted to pro se [litigants] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Indeed, such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

## IV. ANALYSIS

### A. Motion for Injunctive Relief

Whyms's motion for injunctive relief states only that he "prays that this Honorable Court grant injunctive relief for the reasons set forth in his complaint." [3, Pg. ID 29]. Putting aside the fact that his complaint does not seek injunctive relief from the foreclosure sale, Whyms has failed to set forth any legal authority, factual support or argument as to why he is entitled to such relief. Therefore his motion should be denied.

### B. Motion to Dismiss

#### 1. *Count I - Illegal Foreclosure/Malpractice*

Whyms's complaint lumps together a claim for "illegal foreclosure/professional malpractice," in which he states that HSBC failed to follow a certain "timeline for foreclosure" in violation of his constitutional and statutory rights. [1, Pg ID 5-6; 25, Pg ID 203-04]. Whyms does not cite any statutory or constitutional provisions that impose a requirement for such a timeline, and the Court can find none.

5

Whyms additionally alleges that HSBC failed to record a formal notice of foreclosure at the local courthouse and to publish notice of the sale in a newspaper for four weeks.  [1, Pg ID 7].  However, HSBC was required to record the "mortgage containing the power of sale," not the formal notice.  MCL § 600.3204(1)(c).  It is true that a notice of foreclosure is supposed to be published in a newspaper, MCL § 600.3208.  But, even if HSBC failed to comply with that provision, the foreclosure should not be voided unless Whyms shows that he "would have been in a better position to preserve [his or her] interest in the property absent defendant's noncompliance with the statute."  *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16 (Mich. 2012).  Here, Whyms admits that the notice was posted on his door on August 14, 2014 (the same day it was generated), and the notice informed him that foreclosure sale would be on September 11, 2014.  [1, Pg ID 4 & 23].  Thus, he cannot show that he was prejudiced by HSBC's alleged failure to comply with the notice provisions.

Whyms also fails to state a claim for malpractice, as such a claim requires the HSBC to owe an affirmative duty to Whyms.  "Michigan law is uniformly clear on the point that lenders owe no duty outside of their contractual obligations to borrowers under state law."  *Khadher v. PNC, Nat'l Ass'n*, No. 12-14765, 2013 U.S. Dist. LEXIS 168667, at *16, 2013 WL

6

6196949 at *6 (E.D. Mich. Nov. 27, 2013).[2]

### *2.  Count II – Fair Debt Collections Claims*

Whyms claims that HSBC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339, 901 *et seq.*, but he fails to allege any supporting facts. [1, Pg. ID 6]. *See Cheesewright v. Bank of Am., N.A.*, No. 11–15631, 2013 U.S. Dist. LEXIS 23672, *14, 2013 WL 639135 at *5 (E.D.Mich. Feb. 21, 2013) ("Conspicuously absent from the Complaint are any details regarding how Defendant supposedly violated this statute.") Moreover, HSBC is not a debt collector subject to liability under the FDCPA or the MOC. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003); *Cheesewright*, 2013 WL 639135 at *5.

## V.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that HSBC's

---

[2] Although HSBC spends a majority of its brief on the issues of *res judicata* and collateral estoppel, Whyms's complaint appears to challenge the foreclosure by advertisement process, which was initiated after the prior action. It is true that the doctrine "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007) (citations and internal quotation mark omitted). Nonetheless, since Whyms's complaint fails to state a claim, it is unnecessary to reach the question of whether the claims Whyms raises in this case were or could have been raised in the prior action.

motion to dismiss **[20]** be **GRANTED**, and Whyms's motion for injunctive relief **[3]** be **DENIED**.

| | |
|---|---|
| Dated: March 23, 2015<br>Detroit, Michigan | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after

8

service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2015.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager