UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER WHYMS,

      Plaintiff,                                             Civil Action No. 14-CV-13384

vs.                                                                    HON. BERNARD A. FRIEDMAN

HSBC BANK USA,

      Defendant.

_____/

**OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

        This matter is presently before the Court on plaintiff's motion for injunctive relief

[docket entry 3] and defendant's motion to dismiss [docket entry 20].  Magistrate Judge Elizabeth

A. Stafford has submitted a Report and Recommendation ("R&R") in which she recommends that

plaintiff's motion be denied and that defendant's motion be granted.  Plaintiff has filed objections

to the R&R.  Pursuant to Fed. R. Civ. P. 72(b)(3), the Court reviews de novo those portions of the

R&R to which a party has timely and properly objected.

        This is a "wrongful foreclosure" action.  Plaintiff alleges that defendant, the

mortgagee, wrongfully foreclosed the mortgage on plaintiff's home and sold the property by

advertisement.  The complaint asserts two claims: "illegal foreclosure/professional malpractice"

(Count I) and "violation of Fair Debt Collections Act" (Count II).  For relief, plaintiff seeks

damages.  In his separately filed motion for injunctive relief, plaintiff asks that the Court "grant

injunctive relief for the reasons set forth in his complaint."

        The magistrate judge recommends that the Court grant defendant's motion to dismiss

because the complaint fails to state a cognizable claim.  Specifically, she notes that the "illegal

foreclosure" claim is inadequately pled and that plaintiff admits he received actual notice of the sale, even if, as plaintiff claims, defendant did not follow the formal notice and publication requirements. She also notes that the "professional malpractice" claim fails because a mortgagee does not owe a mortgagor any such duty.  The magistrate judge further notes that the complaint fails to state a claim under the federal or state debt collection practices statutes because no supporting facts are alleged and a mortgagee is not deemed to be a debt collector under these statutes.  Finally, the magistrate judge recommends that the Court deny plaintiff's motion for injunctive relief because the motion is not supported by any citation to legal authority.

In his objections, plaintiff argues generally that the motion to dismiss should be denied because the allegations in the complaint suffice to put defendant on notice as to the nature of the claims.

Having reviewed the pleadings, the motion papers, the R&R, and plaintiff's objections, the Court agrees with the magistrate judge's analysis.  In addition to the reasons suggested by the magistrate judge, the Court notes that any challenge to the foreclosure in this matter is barred because defendant previously obtained a judgment of foreclosure in state court. That judgment is res judicata and prevents plaintiff from asserting any claim to the subject property. Moreover, the Rooker-Feldman doctrine prevents this Court from entertaining any such claim, as the claim necessarily calls into question a state court judgment.  *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936-37 (6th Cir. 2002) (discussing Rooker-Feldman doctrine).  The "professional malpractice" and "violation of fair debt collections act" claims fail for the reasons urged by the magistrate judge.  Accordingly,

IT IS ORDERED that Magistrate Judge Stafford's R&R is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that plaintiff's motion for injunctive relief is denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss is granted.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: April 10, 2015
       Detroit, Michigan